IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARVEL JONES,

          Petitioner,

vs.

STATE OF NEBRASKA,

          Respondent.

8:25CV429

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of Petitioner Marvel Jones' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1. The Court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

The statutory prohibition against successive petitions is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to

> establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*. If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

On August 21, 2018, the Mental Health Board for Nebraska's Third Judicial District entered an order to civilly commit Jones pursuant to the Sex Offender Commitment Act, (SOCA), Neb. Rev. Stat. § 71-1201 *et seq*.[1] Jones unsuccessfully challenged this same Mental Health Board decision in earlier

---

[1] A copy of the order is filed of record in *Jones v. Whitmire,* No. 8:20CV81, Filing No. 23-1 at 24-25.

federal habeas corpus litigation before the Honorable Richard G. Kopf. *See Jones v. Whitmire*. Nos. 8:20CV81 and 8:20CV275,[2] 2022 WL 2703131, at *1 (D. Neb. July 12, 2022) (8:20CV275, Filing No. 48, dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254). In his habeas petitions filed in 2020, Jones argued the Mental Health Board lacked jurisdiction and made its decision based on inadmissible and insufficient evidence; the county attorney failed to challenge Jones' 1997 conviction; and he was afforded ineffective assistance of counsel. Judge Kopf dismissed the habeas petition "without prejudice to reassertion because Jones may challenge his confinement at a later time if he exhausts his state remedies following a mental health board's new or modified treatment order under the SOCA." *Id.* at *19.

The habeas petition now before the Court also challenges Jones' SOCA commitment in 2018. Liberally construed, Jones again alleges the Mental Health Board considered inadmissible evidence at the hearing. Filing No. 1 at 5. He also alleges the Board was required to enter an order committing Jones to sex offender treatment. Filing No. 1 at 7. Jones' petition repeats the evidence claims already addressed in the prior habeas actions, along with claims based on facts Jones knew, or in the exercise of due diligence, could have known when his prior federal habeas petitions were filed. Jones does not allege that a new or modified order was entered, or that the terms of his custody have materially changed since his last habeas petitions were decided by this court. The present petition is clearly successive.

Jones must obtain permission from the Court of Appeals to commence this second action. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton*, 549 U.S. at 152 (the district court lacked

---

[2] Jones filed two habeas petitions in 2020, and the two cases were consolidated for court consideration and ruling.

3

jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Jones has failed to make a substantial showing that a constitutional right was denied. The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED:

1. The habeas corpus petition, Filing No. 1, is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals.

2. No certificate of appealability has been or will be issued in this matter.

3. The Court will enter judgment by separate document.

Dated this 30th day of September, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge